## ADAMS & COMMISSIONG LLP

ATTORNEYS AT LAW

| | |
|---|---|
| 65 BROADWAY SUITE 715 | MARTIN E. ADAMS |
| NEW YORK, NY 10006 | KARLOFF C. COMMISSIONG |
| TEL: 212-430-6590 | ADMITTED TO PRACTICE IN NEW YORK |
| FAX: 212-981-3305 | WWW.AMCMLAW.COM |

March 30, 2023

**VIA E.C.F.**

Hon. Valerie E. Caproni
United States District Court Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007



Re: <u>United States v. Diego Mateo,</u> 19 Cr. 862 (VEC) – Adjournment of Sentencing

Dear Judge Caproni:

**Preliminary Statement**

We write to request an adjournment of sentencing, and a briefing schedule for filing a motion to withdraw Mr. Mateo's plea.  The government objects to the request on the basis that "the 1998 prosecution is not a surprise and discovery related to that prior prosecution was produced in June 2021."[1]  This is the fifth request for an adjournment of sentencing.  The prior requests were granted.  On, March 9, 2023, Your Honor adjourned sentencing in this matter upon the request of counsel for Mr. Mateo.  The Court's Order stated that "no further adjournment or extension requests will be granted absent extraordinarily good cause."  <u>See</u> ECF Doc. Num. 925.  It should be noted that the defense makes this request not simply based on the production of information related to the 1998 prosecution in <u>United States v. DeJesus et al</u>.  This request is made based on the totality of circumstances surrounding Mr. Mateo's sentencing, which the defense will fully set forth below.  These circumstances, in this instance, constitute extraordinarily good cause.

**Procedural History**

On February 23, 2022, Diego Mateo pled guilty to Count 2 of the indictment, Participating in a Narcotics Conspiracy, in violation of 18 U.S.C. §841(b)(1)(A).  In connection with that plea, Mr. Mateo stipulated to two acts: (1) on or about November 18, 2012, the defendant ordered a shooting of gang rivals in the vicinity of a funeral home at 2121 Westchester Avenue in the Bronx, New York; and (2) in or about 2016, the defendant and other members of the Black Mob carried out an arson of a commercial

---

[1] The parties discussed the matter in a phone call and email on March 28, 2023.

wedding venue in Connecticut.  See Plea Agreement at pp. 1-2.  However, on March 17, 2023, the government filed a sentencing submission, in which the government accused Mr. Mateo of being the source and protagonist of the slashings, assaults and shootings committed by the members of the Black Mob set of the Latin Kings.  The government specifically accused Mr. Mateo of committing crimes involving hundreds of firearms, ordering slashings and an act of arson not stipulated in the plea agreement.  Further, the government accused Mr. Mateo of Possession of a Firearm in Furtherance of a Drug Trafficking Crime and Intimidation of a Government Witness, without ever charging it in the indictment.  The government used these allegations as a basis to request an upward variance of 30 years.

On March 27, 2023, the Court issued an Order advising the parties, "that the Court is considering imposing a sentence that would constitute an upward variance from the applicable guideline range."  See ECF Doc. Num. 932.  The Order instructed the government to "submit a letter by noon on Thursday, March 30, 2023, providing further details regarding the facts underlying Mr. Mateo's conviction in United States v. DeJesus et al."  Id.  In a letter dated March 27, 2023, the government filed a response to the Court's Order.

**Circumstances Constitute Extraordinarily Good Cause**

The defense requests an adjournment to discuss with Mr. Mateo, the Court's Order, the government's letter dated March 27, 2023, and the allegations made in the government's initial sentencing submission dated March 17, 2023.  Mr. Mateo has not been able to adequately meet with counsel in order to discuss the matter.  Without an opportunity to fully discuss these issues with Mr. Mateo, he will not be ready for sentencing on Friday, March 31, 2023.  We believe that in this instance, these circumstances constitute "extraordinarily good cause".

The government has presented the Court with a number of allegations, outside of the stipulated acts in the plea agreement in support of a request for an above guidelines sentence.  Mr. Mateo should be allowed to rebut these allegations, particularly considering that the Court is considering an upward variance in this matter.  We visited with Mr. Mateo on March 29, 2023, to discuss the Court's Order, the government's response and the additional allegations made by the government.  Mr. Mateo was unable to coherently speak with us regarding this matter.  For the past week, Mr. Mateo, along with other inmates on a number of other units, has been on 24-hour, 7-day week lockdown as a result of an incident unrelated to Mr. Mateo's conduct.  During this period, Mr. Mateo has not been allowed to shower, and until Wednesday night, he had not received a meal other than a few canned soups.

As the court is aware, Mr. Mateo suffers from diabetes.  Consistent meals every day are critical to his ability to control the disease.  He has, for at least the past month, been

2

unable to receive most of the medications he takes to help control his diabetes. In fact, when he attempted to read some of the information provided in the March 29, 2023, legal visit, it appeared blurry to him. As a result of the conditions that he has been experiencing, he was unable to meet with counsel in a meaningful fashion and discuss the possibility of the Court imposing an above guidelines sentence, the additional allegations made by the government and possible options that Mr. Mateo may have.

In terms of Mr. Mateo's options, counsel needs the opportunity to discuss with Mr. Mateo the filing of a motion to withdraw his plea, or in the alternative request a Fatico Hearing, for the government to prove the allegations and uncharged conduct, detailed in their March 17, 2023, sentencing submission, rather than simply stating them as actual facts. With respect to a motion to withdraw his plea, it is counsel's view that the government has breached the plea agreement. Despite agreeing that neither party will seek a departure from the stipulated Guidelines range, the government has in fact argued for a departure. According to the government:

> The Guidelines are a useful metric, but they fall short of capturing the full scope of Mateo's crimes. They provide an enhancement for leaders of a criminal activity that involved five or more people—but Mateo's criminal organization involved hundreds of young men and even minors. They provide an enhancement for the use of a dangerous weapon—but Mateo's crimes involved hundreds of weapons, which were used to carry out a shocking array of violence, including a near-fatal shooting at a gang rival's funeral.

See Gov. March 17, 2023, sentencing submission at p. 1. Based on this language, the Government is seeking a departure from the Guidelines, a violation of the plea agreement.

Finally, while the defense was aware of Mr. Mateo's arrest and prosecution in the 1998 matter, the government's objection fails to account for the Court's consideration of an upward variance, and their own letter responding to the Court's Order. The government's letter does not simply "provide…details regarding the facts underlying Mr. Mateo's conviction". The letter is a continuation of their initial sentencing submission arguing in support of an upward variance. Most notably, the government's letter criticizes the 1998 sentencing submission as attempting to excuse Mr. Mateo's actions. Further, the government, when addressing Mr. Mateo's sentence of probation in connection with DeJesus, sarcastically stated, "as the facts of the instant case show, Mateo learned the wrong lesson from that act of leniency." See Gov. March 27 Letter at p. 2. Fairness dictates that the defense should have an opportunity to confer and decide: 1) whether a motion to withdraw the plea will be filed, or 2) whether we will request a Fatico Hearing.

The circumstances detailed constitute extraordinarily good cause. Accordingly, we request an adjournment of sentencing in this matter, and a briefing schedule with respect to a motion to withdraw Mr. Mateo's plea.

Respectfully Submitted,

/s/

Karloff C. Commissiong, Esq.
Elizabeth Macedonio, Esq.
Lauren DiChiara, Esq.

Cc:   A.U.S.A. Adam Hobson (via ECF and Electronic Mail)
       A.U.S.A. David Robles (via ECF and Electronic Mail)

Application GRANTED. The sentencing hearing scheduled for March 31, 2023, is adjourned *sine die*. If Mr. Mateo wishes to move to withdraw his guilty plea or to seek a *Fatico* hearing, he must do so by **April 7, 2023**. Any request for a *Fatico* hearing must specifically state what facts Mr. Mateo is contesting.

If Mr. Mateo moves to withdraw his guilty plea, the Government's response is due by **April 14, 2023**, and Mr. Mateo's reply is due by **April 19, 2023**.

SO ORDERED.

*[signature]*   03/30/2023

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE